Judge WHYTE,
concurring in part and dissenting in part.
I concur in the majority’s holdings that the district court erred in refusing to give the requested instruction regarding the meaning of “residency,” and that the district court did not err in denying Galvez’s Rule 29 motion for a judgment of acquittal. However, I disagree that the district court erred in refusing to give the requested instruction regarding “marriage” in order to explain the meaning of “out-of-wedlock,” because I believe that the term “out-of-wedlock” was understandable and clear without further definition.
The district court instructed that “a person born abroad out of wedlock to a U.S. citizen mother, after 1952, is automatically a U.S. citizen at birth if the mother was physically present in the United States continuously for 12 months prior to the child’s birth.... ” The court declined to further instruct the jury that “[i]n considering whether the government has proven beyond a reasonable doubt that Mr. Galvez is not a citizen you may consider that marriage in Mexico requires civil formalities. A religious marriage ceremony or a common law marriage alone does not result in a valid marriage.”
The defense’s theory was that the government failed to prove beyond a reasonable doubt that Galvez’s parents were legally married. During his deportation proceedings before an immigration judge, Galvez had testified that his parents were married at the time of his birth. At trial, the defense attempted to discredit this admission by eliciting testimony that Gal-vez did not know whether his parents were legally married, and that there was no evidence (other than Galvez’s admission to the immigration judge) that Gal-vez’s parents were legally married as opposed to simply living together. It was never suggested during trial that Galvez’s parents had participated in a religious ceremony or any other type of ceremony resulting in a purported union that did not constitute a marriage because it lacked civil formalities. Nor was evidence offered or did either the government or defense argue that Galvez’s parents were married because they had some sort of common law marriage. The only type of relationship between couples other than marriage that was mentioned was a “free union” in Mexico which was *753 described without dispute as meaning “to live as a couple but not married.” Gal-vez, in fact, stated he was living in a “free union” when his daughter was born.
I do not believe the jury needed guidance on the meaning of “out of wedlock” or “marriage.” The majority holds that the words needed defining “because the jurors, based on only their lay experiences, could have ascribed many different meanings to each term.” Since under the facts presented there was no basis for a juror to find that Galvez’s parents were “married” but in some way not recognized as lawful, I find that the instruction offered was not needed to adequately define “marriage” and thus to explain the meaning of “out of wedlock.” The jury had the option of finding that Galvez’s parents were either married or not married as the term is commonly understood and it found that they were married.